UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUYTAN NGUYEN,

      *Plaintiff*,

    v.

WASHINGTON NATIONALS BASEBALL
CLUB, LLC,

      *Defendant*.

Civil Action No. 24 - 1786 (LLA)

## MEMORANDUM OPINION

Plaintiff Duytan Nguyen, proceeding pro se, brings this action against his former employer, the Washington Nationals Baseball Club (the "Club") alleging that he was terminated based on his race and national origin and in retaliation for protected activity. ECF No. 18. Before the court are the Club's motion to dismiss, ECF No. 35, and Mr. Nguyen's three motions for leave to file declarations and exhibits, ECF Nos. 42, 45, 48. The motions are fully briefed. ECF Nos. 37, 41, 43, 44, 46, 47, 49, 50. For the reasons explained below, the court will deny Mr. Nguyen's motions for leave to file and grant the Club's motion to dismiss.

## I.    FACTUAL BACKGROUND

The following factual allegations drawn from Mr. Nguyen's third amended complaint, ECF No. 18, are accepted as true for the purpose of evaluating the motions before the court, *Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Because Mr. Nguyen is proceeding pro se, the court will construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).  The court

further takes judicial notice of any documents incorporated by reference into Mr. Nguyen's

amended complaint.  *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133

(D.C. Cir. 2015) ("A district court may consider a document that a complaint specifically

references without converting the motion into one for summary judgment.").

In February 2019, Mr. Nguyen was hired by the Club as a Special Police Officer.  ECF

No. 18 ¶ 3.  Every year, Mr. Nguyen received positive reviews from his supervisors.  *Id.* ¶ 49; *see*

*id.* ¶¶ 50-56.  In September 2023, after a baseball game, Mr. Nguyen saw Alan Gottlieb—the Chief

Operating Officer of the Club—leaving the stadium in his car.  *Id.* ¶ 57.  As Mr. Gottlieb drove

by, Mr. Nguyen informed him that he would send him an email later that night.  *Id.*

At 3:00 a.m., Mr. Nguyen sent Mr. Gottlieb the promised email.  *See id.* ¶¶ 126-134.  In it,

he described his Vietnamese background, summarized his professional credentials and positive

supervisory reviews, and offered several suggestions for Mr. Gottlieb to consider.  *Id.*  First,

Mr. Nguyen noted that Mr. Gottlieb's personal information—including his home address, contact

details, and information about his children—could be found online and used by a criminal to

"kidnap [Mr. Gottlieb's] children, bring them to a country that has no extradition treaty with the

US[, and] demand a ransom."  *Id.* ¶ 130.  Mr. Nguyen proposed that Mr. Gottlieb hire him to

remove this information from the Internet.  *Id.*  Second, Mr. Nguyen detailed the departures of

several Club employees and questioned: "If the Washington Nationals [is] a good place to work,

then why [are] many people leaving?"  *Id.* ¶ 131.  Mr. Nguyen suggested that Mr. Gottlieb create,

and put him in charge of, an internal Office of Competency, Integrity, and Accountability to screen

prospective employees.  *Id.* ¶ 132.  Third, Mr. Nguyen recommended that the Club build baseball

training facilities for children in Vietnam, which it could fund by investing in a Vietnamese electric car company. *Id.* ¶¶ 127, 133-34.

Also in the email to Mr. Gottlieb, Mr. Nguyen referenced a separate 2021 email he had anonymously sent to Bob Frost, the Senior Vice President of Human Resources at the Club, with a copy to Mr. Gottlieb. *Id.* ¶ 61. In the email to Mr. Frost and later follow-up messages, Mr. Nguyen complained about "reverse discrimination" against several of his white coworkers by a Black manager. *Id.* ¶ 61; *see id.* ¶¶ 62-84. Mr. Frost confirmed receipt of the email and informed Mr. Nguyen (who was then anonymous) that if he chose to share his identity, he would not be retaliated against for making the complaint. *Id.* ¶¶ 78-79. Mr. Nguyen declined to de-anonymize his complaint. *Id.* ¶ 84.

Two days after Mr. Nguyen sent his email to Mr. Gottlieb, he was escorted into his supervisor's office by the Director of Security. *Id.* ¶ 91. Mr. Nguyen was informed that he was being terminated, effective immediately, and banned from entering the stadium because of the email he had sent to Mr. Gottlieb. *Id.* Mr. Nguyen did not receive a written explanation of his termination. *Id.* ¶ 94.

## II.    PROCEDURAL HISTORY

In October 2023, Mr. Nguyen filed a claim with the Equal Employment Opportunity Commission ("EEOC"), and he believes he scheduled an interview in January 2024. *Id.* ¶ 103. However, later, Mr. Nguyen could no longer see his claim in the EEOC's online portal, and he ultimately refiled his EEOC complaint in November 2023. *Id.* ¶ 105. In March 2023, after a phone interview with the EEOC, Mr. Nguyen received a letter informing him of his right to sue in federal court within ninety days of receipt of the letter. *Id.*; *see* ECF No. 1-1, at 1-4. Mr. Nguyen timely filed this action in June 2024. ECF No. 1.

### III.   LEGAL STANDARD

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion under Rule 12(b)(6), a court accepts all well-pleaded factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

While a plaintiff in a Title VII suit need not establish a prima facie case of discrimination at the pleading stage, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002), he must allege sufficient facts beyond mere legal conclusions to allow the court to draw a reasonable inference of discrimination from the complaint. "If a Title VII plaintiff fails to plead 'sufficient factual matter' to state a discrimination claim that is 'plausible on its face,' then the district court should dismiss the case before discovery." *Chambers v. District of Columbia*, 35 F.4th 870, 878 (D.C. Cir. 2022) (en banc) (quoting *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015)); *see Rouse v. Berry*, 680 F. Supp. 2d 233, 238 (D.D.C. 2010).

In determining whether a complaint fails to state a claim, a court may consider only the facts alleged in the complaint and "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *N. Am. Butterfly Ass'n v.*

*Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alteration in original) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)).  Additionally, the court may take judicial notice of a plaintiff's EEOC materials without converting a motion to dismiss into one for summary judgment.  *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018).

## IV.    DISCUSSION

The court begins with Mr. Nguyen's motions for leave to file various exhibits, ECF Nos. 42, 45, 48, before turning to the Club's motion to dismiss, ECF No. 35.

### A.    Motions to For Leave to File

Mr. Nguyen has filed three separate motions for leave to file, each seeking to add a declaration and an exhibit.  ECF Nos. 42, 45, 48.  The Club opposes each motion.  ECF Nos. 43, 46, 49.

In his first motion, Mr. Nguyen requests permission to supplement his pleadings with a copy of the email he sent to Mr. Gottlieb and a declaration explaining the email.  ECF No. 42.  The Club argues that, to the extent the document is intended to supplement Mr. Nguyen's opposition to its motion to dismiss, the court has already ordered that briefing on the motion is closed.  ECF No. 43, at 1; *see* Dec. 12, 2024 Minute Order.  If Mr. Nguyen instead intends to amend his complaint, the Club contends that such amendment would be prejudicial to it, given that it would need to renew its motion to dismiss.  *Id.* at 1-2.  Additionally, the Club reasons that if Mr. Nguyen neither seeks to supplement his opposition nor amend his complaint, there is no procedural mechanism by which the court may receive the document he proffers.  *Id.* at 2.  And in all events, in the Club's view, Mr. Nguyen will not be prejudiced by the denial of his motion because the email he seeks to include is identical to the copy attached to his initial complaint, *see* ECF No. 1-1, at 5-7, and because, if the case moves forward, Mr. Nguyen can produce the document during

5

discovery, ECF No. 43, at 3.  Because the court is already in possession of the email, because and

it may consider documents that have been incorporated by reference in Mr. Nguyen's operative

complaint, it will deny Mr. Nguyen's first motion for leave to file.  *See Paredes v. Garland*,

No. 20-CV-1255, 2023 WL 8648830, at \*3 n.5 (D.D.C. Dec. 14, 2023) (incorporating by reference

exhibits attached to initial complaint where amended complaint also referenced them); ECF No. 18

¶¶ 126-34.

In his second motion, Mr. Nguyen moves to file a copy of a determination letter from the

D.C. Department of Employment Services ("DOES") finding that he is eligible for unemployment

benefits because the Club failed to provide evidence of misconduct, as well as a declaration

explaining the document.  ECF No. 45.  The Club incorporates its previous arguments and

additionally points out that DOES's findings are not binding on this court.  ECF No. 46.  The court

notes that this document is also already attached to Mr. Nguyen's original complaint, *see* ECF

No. 1-1, at 33, and is incorporated by reference in his third amended complaint, *see* ECF No. 18

¶¶ 135-40.  Because the court is already in possession of the letter, it will deny Mr. Nguyen's

second motion for leave to file.

In his third motion, Mr. Nguyen seeks to file a copy of his 2022 performance review, as

well as a declaration explaining the document, in support of his opposition to the Club's motion to

dismiss.  ECF No. 48.  In opposition, the Club incorporates its previous arguments, points out that

the court has already determined that briefing on the motion to dismiss is complete, and further

argues that the performance evaluation is not relevant because Mr. Nguyen was terminated for the

email he sent to Mr. Gottlieb, not for subpar performance.  ECF No. 49, at 1-2; *see* Dec. 12, 2024

Minute Order.  The court determines that Mr. Nguyen will not be prejudiced by the denial of the

motion, as the court is already required at this stage to accept his allegations regarding his strong

performance reviews.  Conversely, the Club will be prejudiced if the motion is granted because briefing on the motion to dismiss has already come to a close.  *See* ECF No. 35.  Accordingly, the court will deny Mr. Nguyen's third motion for leave to file.  ECF No. 48.

### B.    Motion to Dismiss

The Club contends that Mr. Nguyen has failed to allege facts that support his allegations of discrimination on the basis of race or national origin, ECF No. 35, at 6-10, and retaliation for protected activity, *id.* at 10-13, and the court must therefore dismiss his claims under Federal Rule of Civil Procedure 12(b)(6).  The court agrees.

### 1.    Alleged discrimination based on race and/or national origin

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  A plaintiff bringing a discrimination claim under Title VII must allege that (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) a causal connection exists between his protected characteristic and the adverse employment action.  *See Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008).  There is no dispute that Mr. Nguyen is a member of a protected class because he is Asian and Vietnamese, and that his termination constituted an adverse employment action.  However, the parties disagree whether Mr. Nguyen has plausibly alleged a causal connection between his protected characteristics and his termination.[1]

_____

[1] In addition to Mr. Nguyen's core allegation that his termination was based on unlawful race and national-origin discrimination, which the court analyzes in depth, *see* Part IV.B.1, Mr. Nguyen also explains that "when [he] came onto the job" in 2019, his immediate supervisor "discriminated against [him and] treated him badly," including by yelling at him "in front of many people every

(*continued on next page*)

A plaintiff can demonstrate causation in one of two ways.  He can show direct evidence of discrimination, which usually takes the form of a "statement that itself shows . . . bias [against a protected class] in the [employment] decision."  *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 394 (D.C. Cir. 2020) (alterations in original) (quoting *Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 576 (D.C. Cir. 2013) (per curiam)).  Alternatively, he may "show[] 'that he was treated differently from similarly situated employees who are not part of the protected class.'"  *Brown v. Sessoms*, 774 F.3d 1016, 1022 (D.C. Cir. 2014) (quoting *George v. Leavitt*, 407 F.3d 405, 412 (D.C. Cir. 2005)).

In his complaint, Mr. Nguyen alleges that he was told that he was being terminated because of the email he sent to Mr. Gottlieb.  ECF No. 18 ¶ 91.  However, Mr. Nguyen appears to believe that this explanation is pretextual: he argues that he "just wrote an email to suggest building up a baseball training for Vietnamese children . . . and was terminated immediately without warning or . . . a chance for explanation [and] clarification."  *Id.* ¶ 157.  As he explains, "if [the termination] was not discriminat[ion] . . . [based on] my national origin or my race, I don't know what it was."  *Id.*  Mr. Nguyen additionally references other Special Police Officers who were either "fired or quit," and he alleges that they "had an opportunity to stay after their wrongdoing . . . [and] explain," while he did not.  *Id.* ¶ 185.

---

morning."  ECF No. 18 ¶ 186.  Mr. Nguyen additionally mentions that in 2021, he complained that three of his coworkers had been victims of "reverse discrimination."  *Id.* ¶ 61.  Although it does not appear that Mr. Nguyen's present suit is based upon these other alleged instances of discrimination, the court notes that any claims related to actions that took place in 2019 and 2021 would not have been timely when Mr. Nguyen filed his EEOC complaint in 2023.  *See id.* ¶ 105; *see also* 29 C.F.R. § 1614.105(a)(1) (explaining that a "person must initiate contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory"); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002) ("[E]ach discrete act starts a new clock for filing charges alleging that act[.]").

The court determines that Mr. Nguyen has not plausibly pleaded direct evidence of discrimination or that he was treated differently than similarly situated colleagues.  First, while Mr. Nguyen finds the contents of his email to Mr. Gottlieb so unobjectionable that he believes his termination must have been discriminatory in nature, the court does not see the situation so clearly. It is entirely plausible that the contents of the email, which the Club describes as "bizarre," may have been so off-putting that they led to Mr. Nguyen's termination.  ECF No. 35-2, at 8.  In any case, Mr. Nguyen does not make allegations that the court could interpret as direct evidence of discrimination.  *See generally* ECF No. 18.

Second, while Mr. Nguyen generally alleges that other Special Police Officers were treated differently than he was after "wrongdoing," he does not plead facts to suggest that these other officers were similarly situated to him.  *Id.* ¶ 185.  The burden of showing causation is "'not onerous' at the motion-to-dismiss stage, [but] it requires more than the bald assertion that there is a similarly situated comparator."  *Hollingsworth v. Vilsack*, No. 23-CV-2427, 2024 WL 4332118, at \*10 (D.D.C. Sept. 27, 2024) (quoting *SS & T, LLC v. Am. Univ.*, No. 19-CV-721, 2020 WL 1170288, at \*4 (D.D.C. Mar. 11, 2020)).  When conducting its analysis, the court looks to "the similarity of the plaintiff's and the putative comparator's jobs and job duties, whether they were disciplined by the same supervisor, and, in cases involving discipline, the similarity of their offenses."  *Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 301 (D.C. Cir. 2015).

Mr. Nguyen points to a few comparators to support his claim.  He alleges that one Special Police Officer of a different race was "caught many times sleeping on the job" but was not terminated.  ECF No. 18 ¶¶ 149, 157.  Likewise, he contends that two other officers, also of a different race, "were late or absent from work . . . many times" in violation of the employee attendance policy, but they did not lose their jobs.  *Id.* ¶ 158.  While all three comparators were

9

Special Police Officers like Mr. Nguyen, a shared job title alone is not enough to lead the court to conclude that they were similarly situated. *See Kassim v. Inter-Cont'l Hotels Corp.*, 997 F. Supp. 2d 56, 64 (D.D.C. 2013). Instead, the court must consider if Mr. Nguyen and the proffered comparators "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Childs-Pierce v. Util. Workers Union of Am.*, 383 F. Supp. 2d 60, 70 (D.D.C. 2005), *aff'd*, 187 F. App'x 1 (D.C. Cir. 2006). Sleeping on the job and being late or absent from work are substantially different from the behavior for which Mr. Nguyen was terminated, which was sending a "bizarre" email to the Club's Chief Operating Officer in the middle of the night. ECF No. 35-2, at 8. What is more, Mr. Nguyen does not know whether the Special Police Officers that he offers as comparators were "fired or quit," ECF No. 18 ¶ 185; *see id.* ¶ 89,[2] and he does not allege that he and the other Special Police Officers "were disciplined by the same supervisor," *Burley*, 801 F.3d at 301. Mr. Nguyen therefore fails to identify sufficiently similarly situated comparators, and the court cannot use his threadbare allegations alone to support an inference of discrimination.

*    *    *

Because Mr. Nguyen does not plausibly allege direct evidence of discrimination or sufficient circumstantial evidence concerning similarly situated comparators, the court will dismiss his claims of discrimination on the basis of race and national origin.

---

[2] Mr. Nguyen additionally offers comparator evidence to support his separate assertion that some white Special Police Officers were victims of "reverse discrimination." ECF No. 18 ¶¶ 61-89. Because these individuals are not proffered as comparators for Mr. Nguyen, the court will not consider them.

### 2.    Alleged retaliation for protected activity

A plaintiff must allege three elements for a Title VII retaliation claim: that (1) he engaged in protected activity (i.e., "opposed any practice" unlawful under Title VII or "made a charge, testified, assisted, or participated" in an "investigation, proceeding, or hearing," 42 U.S.C. § 2000e-3(a)); (2) he suffered a "materially adverse" action that "might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination,'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)); and (3) there is a causal connection between the protected activity and adverse action, *id.* at 69-70.  The court concludes that Mr. Nguyen has failed to sufficiently allege that he engaged in any protected activity or that there was a causal connection to any adverse action; therefore, it must dismiss his retaliation claim.

While Mr. Nguyen may believe that his email to Mr. Gottlieb constitutes protected activity, that belief finds no support in the law.  The email—which offers proposals for Mr. Gottlieb's safety, the creation of an internal office to promote employee efficiency, and the development of a baseball training camp for Vietnamese children—does not bear any of the hallmarks of protected activity.  That is, nowhere in the email does Mr. Nguyen challenge an activity that is unlawful under Title VII.  *See* 42 U.S.C. § 2000e-3(a).  If Mr. Nguyen means to argue that the email's bare reference to a separate 2021 email regarding "reverse discrimination" constituted protected activity, the court is unconvinced.  "While no 'magic words' are required, [an internal] complaint must in some way allege unlawful discrimination" in order to constitute protected activity." *Broderick v. Donaldson*, 437 F.3d 1226, 1232 (D.C. Cir. 2006).  A vague allusion to an email sent anonymously over two years earlier is not an allegation of a violation of Title VII.  If Mr. Nguyen instead means to suggest that his 2023 termination was in retaliation for the 2021 email itself, the court determines that the two events are too remote in time to support an inference of retaliation.

11

*See Taylor v. Solis*, 571 F.3d 1313, 1322 (D.C. Cir. 2009) (holding that two-and-a-half month gap between the protected activity and the adverse action did not, on its own, support an inference of retaliation).  In any event, Mr. Nguyen's allegations do not reasonably support an inference that Mr. Gottlieb identified Mr. Nguyen as the writer of the anonymous 2021 email.  *See* ECF No. 18 ¶¶ 126-34.  Accordingly, the court determines that Mr. Nguyen has not plausibly stated a claim of retaliation on the basis of a protected activity.

## V.    CONCLUSION

For the foregoing reasons, the court will deny Mr. Nguyen's motions for leave to file, ECF Nos. 42, 45, 48, and grant the Club's motion to dismiss, ECF No. 35.  A contemporaneous order will issue.

———————————————
LOREN L. ALIKHAN
United States District Judge

Date:   July 22, 2025